United States District Court
Southern District of Texas

**ENTERED**

November 22, 2022

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CORTNIE WAYNE ESTELLE, | § | |
| TDCJ #01702499 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-3631 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Cortnie Wayne Estelle is an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ). He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary conviction. The court has reviewed the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That review shows that this action must be dismissed. The reasons are explained below.

**I.     Background**

Estelle is serving four life sentences in TDCJ based on convictions in Dallas County for aggravated robbery with a deadly weapon. *See Offender Info. Search*, Texas Dep't of Crim. Just., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=04034514 (last visited Oct. 27, 2022). His petition does not challenge his convictions or sentences. Instead, he seeks relief from a disciplinary conviction at the Estelle Unit on February 11, 2022, Case Number 2020107345. (*See* Docket Entry No. 1 at 5). As a result of the disciplinary conviction, Estelle lost 364 days of previously earned good-time credit. (*Id.*). Estelle states that he is not eligible for release on mandatory supervision and that he appealed the conviction through TDCJ's two-step administrative grievance procedure. (*Id.* at 5–6).

**II.      Discussion**

This court may hear Estelle's petition because he is incarcerated in Walker County, which is located in the Houston Division of the Southern District of Texas.  *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(2); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Alexander v. Tex. Dep't of Crim. Justice*, 951 F.3d 236, 240 (5th Cir. 2020).

A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit.  *See Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000); *Teague v. Quarterman*, 482 F.3d 769, 776–77 (5th Cir. 2007).

Estelle cannot show a due process violation in this case because, as he acknowledges, he is ineligible for release to mandatory supervision.  Estelle was convicted of four counts of aggravated robbery with a deadly weapon under Texas Penal Code § 29.03.  Under Texas law, these convictions make him ineligible for release to mandatory supervision.  *See* Tex. Gov't Code § 508.149(a)(12) (explaining that inmates serving a sentence for a conviction under Texas Penal Code § 29.03 "may not be released to mandatory supervision").  Only those Texas inmates who are eligible for mandatory supervision have a protected liberty interest in their previously earned good-time credits.  *See Malchi*, 211 F.3d at 957–58.  Because Estelle cannot show a constitutional

2

violation, his federal habeas corpus petition must be dismissed for failure to state a claim upon
which relief may be granted.

Estelle also seeks to bring several challenges regarding his conditions of confinement. (*See*
Docket Entry No. 1 at 6–7).  Any claims challenging Estelle's conditions of confinement must be
brought in a civil rights action under 42 U.S.C. § 1983. *See, e.g.*, *Woods v. Smith*, 60 F.3d 1161,
1164 (5th Cir. 1995); *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017).  Civil rights claims are
not actionable in a federal habeas proceeding because the writ of habeas corpus provides a remedy
only for prisoners challenging the "fact or duration" of confinement and is not properly used as an
avenue for relief from conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973);
*see also Poree*, 866 F.3d at 243 (explaining that "challenges to the fact or duration of confinement
are properly brought under habeas, while challenges to the conditions of confinement are properly
brought under § 1983").

The Fifth Circuit has advised that if a prisoner has filed a civil-rights suit under 42 U.S.C.
§ 1983 that contains both habeas and civil rights claims under § 1983, the district court should
separate the claims and decide the § 1983 claims.  *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.
1995) (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)).
It is not appropriate, however, to consider civil rights claims in a habeas proceeding because of the
requirements posed by the Prison Litigation Reform Act (PLRA).  Unlike habeas proceedings, the
PLRA requires prisoners asserting civil rights claims under § 1983 to pay the filing fee for a civil
action even if the prisoner receives leave to proceed without prepaying the filing fee.[1] *See* 28

---

[1] The filing fee for a federal habeas proceeding is $5.00 and the fee for a civil action is $350.00,
plus a $52.00 administrative fee. *See* 28 U.S.C. § 1914(a)–(b); *Schedule of Fees*, United States District &
Bankruptcy Court, Southern District of Texas (fees effective Dec. 1, 2020),
https://www.txs.uscourts.gov/page/FeeSchedule.  If a prisoner qualifies for leave to proceed without
prepaying the filing fees and the $52.00 administrative fee is waived, the prisoner must still pay the $350.00
filing fee by installment from his inmate trust fund account. *See* 28 U.S.C. § 1915(b).

U.S.C. § 1915(b).  Additionally, a court is required by the PLRA to review the pleadings and

"dismiss the case" if it determines that the action is: (i) frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) (setting forth

the same grounds).  A prisoner who incurs three dismissals or "strikes" loses his eligibility to

proceed without prepaying the filing fees and may be barred from filing suit unless he can show

that he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

The court declines to convert this habeas proceeding into a civil action under 42 U.S.C. §

1983 or to allow the petitioner to evade the PLRA, which was enacted, in part, to prevent prisoners

from abusing the privilege of proceeding without prepaying the filing fee.  *See Adepegba v.*

*Hammons*, 103 F.3d 383, 387 (5th Cir. 1996); *Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017).

To the extent that Estelle has attempted to raise claims concerning his conditions of confinement

that are not actionable in a habeas corpus proceeding, the court dismisses those claims without

prejudice to having Estelle refile them in a separate civil rights action under 42 U.S.C. § 1983 and

the PLRA.

### III.      Certificate of Appealability

Habeas corpus actions under 28 U.S.C. § 2254 require a certificate of appealability to

proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a

certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes a "substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner

to demonstrate "that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Estelle has not made the necessary showing.  A certificate of appealability is denied.

## IV.    Conclusion

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket Entry No. 1) is denied, and this habeas proceeding is dismissed for failure to state a claim upon which federal habeas relief may be granted.  The conditions of confinement claims are dismissed without prejudice to re-filing in a separate civil action governed by 42 U.S.C. § 1983 and the Prison Litigation Reform Act.  A certificate of appealability is denied.

SIGNED on November 22, 2022, at Houston, Texas.

 

 

_____
                            Lee H. Rosenthal
                            Chief United States District Judge